Hillard T. ROACH, Appellant,

v.

Larry L. CAUDLE, Appellee.

No. S–6984.

Supreme Court of Alaska.

March 13, 1998.

Edgar Paul Boyko and Robin L. Koutchak, Edgar Paul Boyko and Associates, Anchorage, for Appellant.

Larry L. Caudle, pro se, Law Office of Larry L. Caudle, Anchorage, Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

FABE, Justice.

### I. INTRODUCTION

Hillard Roach appeals the superior court's decision to dismiss his legal malpractice suit for failure to comply with the applicable stat-

---

ute of limitations. We reverse the superior court's judgment and remand the case.

### II. FACTS AND PROCEEDINGS

Roach hired attorney Larry Caudle to appeal a federal bankruptcy court's decision. That appeal was dismissed on April 28, 1988, for failure to file a timely notice of appeal. On July 13, 1994, Roach sued Caudle in state court for legal malpractice. In his complaint, Roach alleged that Caudle "never informed plaintiff [Roach] that his appeal had been dismissed and plaintiff did not discover that dismissal until July 15, 1992." Caudle moved to dismiss Roach's malpractice action for failure to state a claim under Alaska Civil Rule 12(b)(6), on the ground that the suit was time-barred.

The superior court ruled that a six-year statute of limitations applied and began to run on the date Roach's bankruptcy appeal was dismissed. The superior court also concluded that the discovery rule did not render Roach's complaint timely. Noting that "Roach was aware of his cause of action by 15 July 1992," the superior court found that Roach had unreasonably delayed filing his malpractice claim until July 1994. Therefore, it granted Caudle's motion. This appeal followed.

### III. DISCUSSION [1]

A. *A Six–Year Statute of Limitations Applies to Roach's Legal Malpractice Claim.*

Roach asserts that the superior court erred when it applied a six-year statute of limitations to his case. We disagree.

We recently stated that "[t]he six-year statute of limitations generally applies to professional malpractice actions claiming economic loss." *Breck v. Moore*, 910 P.2d 599, 603 (Alaska 1996) (citing *Lee Houston & Assocs. v. Racine*, 806 P.2d 848, 855 (Alaska 1991)). Roach's complaint principally alleged economic loss, stating:

As a result of defendant Larry L. Caudle's breach of his duty of due care to plaintiff, plaintiff has been damaged, which damage

---

1. This court reviews *de novo* a trial court's decision to dismiss a case under Rule 12(b)(6). *See*

*Kollodge v. State*, 757 P.2d 1024, 1026 n. 4 (Alaska 1988).

includes, but is not limited to, his inability to retain any interest in, or pursue litigation based upon, a promissory note from Minnesota Construction Company and others in his favor in the principle [sic] amount of $459,000 and the related deed of trust, all to plaintiff's damage in an amount in excess of $50,000, the exact amount to be proven at time of trial.

Therefore, the six-year limitations period applies.

### B. *The Superior Court Erred in Dismissing Roach's Complaint Based upon the Statute of Limitations.*

■ Roach argues that the superior court should have denied Caudle's Rule 12(b)(6) motion because the statute of limitations did not begin running until July 15, 1992. Thus, Roach alleges that his July 13, 1994 complaint was timely.

■ We have recognized that in considering a Rule 12(b)(6) motion, the trial court should focus on whether the complaint sets forth "allegations of fact consistent with and appropriate to some enforceable cause of action." *Linck v. Barokas & Martin,* 667 P.2d 171, 173 (Alaska 1983). The court "must presume all factual allegations of the complaint to be true" and should deny the motion to dismiss if "within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff." *Kollodge v. State,* 757 P.2d 1024, 1026 (Alaska 1988) (quoting 2A James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.07 (2d ed.1986); *see also Linck,* 667 P.2d at 173).

■ We have determined that the statute of limitations does not begin to run until a cause of action accrues. *See Cameron v. State,* 822 P.2d 1362, 1366 (Alaska 1991). Under the discovery rule, a cause of action accrues "when a person discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action." *Id.* In his complaint, Roach alleged that "Caudle never informed [him] that his [bankruptcy] appeal had been dismissed and [Roach] did not discover that dismissal until July 15, 1992." Because we must presume the assertions in Roach's complaint to be true for purposes of examining Caudle's Rule 12(b)(6) motion, we conclude that the six-year statute of limitations did not begin running until Roach allegedly discovered his potential cause of action on July 15, 1992. Because Roach filed his complaint within six years after this date, the superior court should not have dismissed his lawsuit based upon the statute of limitations.[2]

---

**2.** The superior court rejected Roach's argument that his complaint was timely by citing *Cameron v. State,* 822 P.2d 1362 (Alaska 1991), and finding:

> Where an injured person discovers the elements of a cause of action after it accrues, the question becomes whether the person had a reasonable period of time to investigate and file the cause of action prior to the expiration of the statute of limitations.
>
> In the present case, Roach was aware of his cause of action by 15 July 1992.... Thus, he had over one year and nine months to investigate and file the action before the statute of limitations expired. Mr. Roach chose not to initiate a timely action.

(Citation omitted.)

This application of *Cameron* is flawed. To conclude that the six-year statute of limitations would expire one year and nine months from July 15, 1992, the superior court must have assumed that the statute of limitations began running on April 28, 1988, the date Roach's bankruptcy appeal was dismissed. However, *Cameron* states that "[t]he statute of limitations does not begin to run until the claimant discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action." *Cameron,* 822 P.2d at 1365 (quoting *Mine Safety Appliances Co. v. Stiles,* 756 P.2d 288, 291 (Alaska 1988)). The second part of this rule, which concerns when a person reasonably should have discovered the existence of all elements of the cause of action, requires further explanation. As we noted in *Cameron,* "a person reasonably should know of his cause of action when he has sufficient information to prompt an inquiry into the cause of action, if all of the essential elements of the cause of action may reasonably be discovered within the statutory period at a point when a reasonable time remains within which to file suit." *Id.* This explanation thus applies to inquiry notice cases where actual discovery of the elements of the cause of action comes later than the date of inquiry notice. The present case is, however, not such a case as actual discovery of all of the elements of the cause of action and inquiry notice were contemporaneous. As indicated above, we assume for purposes of Rule 12(b)(6) that Roach's complaint accurately states that he did not discover the essential elements of his cause of action until July 15, 1992.

## IV. *CONCLUSION*

Assuming the validity of the allegations in Roach's complaint, we conclude that the statute of limitations applicable to Roach's legal malpractice claim did not expire before he filed his July 13, 1994, complaint. Therefore, we REVERSE the superior court's decision to dismiss Roach's complaint and REMAND for further proceedings consistent with this opinion.