641 F.2d 695
 BLUE GOOSE GROWERS, INC., Counterclaimant-Appellant,
v.
YUMA GROVES, INC.; Yuma Groves Second; Yuma Groves Third;
and Yuma Groves Fourth, Counterdefendants-Appellees.
 No. 79-3158.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 13, 1981.
Decided March 9, 1981.
 
 John H. Westover, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for counterclaimant-appellant.
 Donald M. Peters, Snell & Wilmer, Phoenix, Ariz., argued, for counterdefendants-appellees; Daniel J. McAuliffe, Phoenix, Ariz., on brief.
 Appeal from the United States District Court for the District of Arizona.
 Before MERRILL and HUG, Circuit Judges, and EAST,* District Judge.
 PER CURIAM:
 
 
 1
 Blue Goose Growers, Inc. (Blue Goose) appeals from the dismissal of its counterclaim for abuse of process in a suit brought by the above named Yuma Groves corporations (Yuma) for breach of contract and other violations. The District Court entered the necessary certification under Fed.R.Civ.P. 54(b). We note jurisdiction under 28 U.S.C. § 1291, find no act by Yuma which constitutes an illegitimate use of legal process under Arizona law, and affirm.
 
 I. BACKGROUND
 
 2
 The several Yuma corporations are apparently wholly owned by City Bank, N.A., of New York, and grow citrus and other fruits in southern Arizona. Blue Goose operates packing houses in Arizona. Under the terms of a contract effective from 1975 to 1977, Blue Goose was responsible for processing, packing, shipping and selling Yuma's fruit, and was required to account for the proceeds of such sales. Part of the agreement allowed Blue Goose to pool Yuma's fruit with that of other growers. In September, 1978, Yuma filed suit in the District Court against Blue Goose, alleging in 12 causes of action various violations of state and federal law. Generally, these violations arose from alleged fraud and breach of contract in the accounting and distribution of proceeds from the fruit delivered by Yuma to Blue Goose.
 
 
 3
 With its answer to the complaint, Blue Goose filed the counterclaim which is the focus of this appeal. In the counterclaim, Blue Goose sets forth facts which, it asserts, make out the tort of abuse of process. As relevant to this appeal, the allegations of the counterclaim include:
 
 
 4
 (1) City Bank was a trustee of certain pension funds, and invested them in citrus groves in Yuma County, Arizona.
 
 
 5
 (2) City Bank wholly owns Yuma.
 
 
 6
 (3) City Bank was criticized for such investments, and is attempting to divert attention from itself by bringing suit.
 
 
 7
 (4) City Bank's independent accountants were given full access to all records pertaining to Yuma's fruit, yet it sought inspection of other Blue Goose books.
 
 
 8
 (5) City Bank's attorneys threatened Blue Goose with legal action if information pertaining to Blue Goose's profit and loss was not given.
 
 
 9
 The District Court granted Yuma's motion to dismiss the counterclaim, and Blue Goose appeals.
 
 II. DISCUSSION
 
 10
 This action was brought under the diversity jurisdiction of the District Court, 28 U.S.C. § 1332, so we, therefore, apply the law of Arizona in evaluating the abuse of process claim. We take our guidance from two recent decisions of the Arizona courts of appeal which have considered in some detail the elements necessary to make out a claim for abuse of process in that state. Rondelli v. Pima, 120 Ariz. 483, 586 P.2d 1295 (1978); Joseph v. Markovitz, 27 Ariz.App. 122, 551 P.2d 571 (1976).
 
 
 11
 The essence of the tort of abuse of process is the perversion of legal proceedings properly set in motion to a purpose for which it was not intended. The elements of the tort were quoted in Joseph :
 
 
 12
 " '(F)irst, an ulterior purpose, and second a wilful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.' "Joseph, 551 P.2d at 574-75, quoting Prosser, Law of Torts pp. 856-57 (4th ed. 1971). The usual form of the tort is coercion to obtain a collateral advantage not the proper object of the proceeding, as in forms of extortion. "It is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." Prosser, supra.
 
 
 13
 Blue Goose suggests three acts which it asserts are sufficient to support its abuse of process claim. The first "wilful act" claimed is Yuma's threat during early discussions to file a lawsuit if certain business information was not disclosed by Blue Goose. The second alleged act was the initiation of the litigation itself. The third suggested act was an extensive discovery request for business records by Yuma following initiation of the lawsuit.
 
 
 14
 We conclude that none of these acts constitute a sufficient "wilful act" to support a claim for abuse of process in Arizona. First, as the court noted in Joseph, abuse of process focuses on " '(t)he purpose for which the process is used, once it is issued ....' " Joseph, 551 P.2d at 574, quoting Prosser (emphasis added). Thus, threat of suit cannot constitute a "wilful act" for the tort. Similarly, Joseph explicitly rejected the contention that the initiation of a lawsuit can constitute the necessary act. Id. at 575.
 
 
 15
 Nor was the discovery request for Blue Goose's business records used in a way "not proper in the regular conduct of the proceeding." This request was not exploited to obtain collateral advantage or used in any form of extortion. See Rondelli, 586 P.2d at 1301; Joseph, 551 P.2d at 575. It was simply a proper request seeking information relevant to Yuma's claims in the underlying suit. This formal use of the process is not sufficient to support an abuse of process claim.
 
 
 16
 Having failed to allege facts sufficient to make out one of the necessary elements of abuse of process in Arizona, Blue Goose's counterclaim was properly dismissed by the District Court.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation