Gertrude LINCK, Nancy Linck Kelly, Mark Linck and Greg Linck, Appellants,

v.

BAROKAS & MARTIN, R.R. DeYoung and Earl L. Sommerfeld, Appellees.

No. 6786.

Supreme Court of Alaska.

July 15, 1983.

---

Peter A. Galbraith, James D. Sourant, Sourant & Strandberg, Anchorage, for appellants.

Robert L. Eastaugh, Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, and John A. Treptow, Atkinson, Conway, Young, Bell & Gagnon, Anchorage, for appellees.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and DIMOND, Senior Justice.*

## OPINION

BURKE, Chief Justice.

This appeal challenges the dismissal of appellants' complaint for failure to state a claim upon which relief may be granted. We reverse.

Lee Linck died on December 11, 1978. At the time of Linck's death, attorneys R.R. DeYoung and Barokas & Martin and accountant Earl L. Sommerfeld were in the process of developing an estate plan for him. This plan was never completed. Under Linck's will, his entire estate, valued at three million dollars, passed to his wife, Gertrude Linck. The Linck children were beneficiaries only in the event that Gertrude Linck predeceased her husband.

Under AS 13.11.295 Gertrude Linck had six months within which to disclaim her inherited interest in the estate.[1] Such a

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. AS 13.11.295 in pertinent part provides:
(a) A person ... who is [a] ... beneficiary under a testamentary instrument, ... may renounce in whole or in part the right of succession to any property or interest in it, including a future interest, by filing a written renunciation under this section.

. . . .
(b)(1) an instrument renouncing a present interest shall be filed not later than six months after the death of the decedent . . . .
(c) unless ... otherwise provided, the property or interest renounced devolves as if the person renouncing had predeceased the decedent . . . .
See also Internal Revenue Code, 26 U.S.C.A. § 2518 (1983) (authorizing, and setting out le-

disclaimer would have produced two results: (1) the disclaimed property would have passed directly to the Linck children, as if Gertrude Linck had predeceased her husband, and (2) there would be no payment of a second estate tax[2] upon the death of Gertrude Linck, or a gift tax[3] if she gave the property to the Linck children during her lifetime. The time for filing the written disclaimer lapsed on June 11, 1979, and no extension was possible.

Gertrude Linck and the three adult Linck children filed a complaint on June 5, 1981 against attorneys DeYoung and Barokas & Martin, and accountant Sommerfeld, for damages in the amount of one million dollars. The action was based upon their alleged negligence in failing to advise Gertrude Linck to exercise her statutory right of disclaimer. Ultimately, the complaint was dismissed for failure to state a claim upon which relief can be granted. Gertrude Linck and the Linck children appeal from the order of dismissal.

■ Civil Rule 12(b)(6) permits the dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In determining the sufficiency of the stated claim it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action. And, "[w]ell pleaded allegations of the complaint are deemed admitted for purposes of this motion." *Dworkin v. First National Bank of Fairbanks,* 444 P.2d 777 (Alaska 1968). If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80, 84 (1957); *see* Alaska Rule of Civil Procedure 8(a) (a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief).

■ The asserted basis for the order of dismissal is that the defendants' alleged conduct has not caused actual present damage to Gertrude Linck and the Linck children and, consequently, there is no stated claim of professional negligence.[4] We disagree. The allegations in this case were clearly sufficient to state all the necessary elements constituting a claim for relief. The complaint alleged: (1) that an attorney-client and accountant-client relationship existed between the Linck family and the defendants whereby the latter were required to advise Gertrude Linck and the Linck children with respect to estate planning, taxation and their rights in connection with Lee Linck's estate; (2) that the defendants failed to adequately advise them of the availability and consequences of Gertrude Linck's right to disclaim her interest in the estate; and (3) that because Gertrude Linck failed to disclaim her interest within the applicable disclaimer period, she has incurred a present liability to pay gift taxes and attorney's and accountant's fees, in connection with gifts made to her children in lieu of disclaimed property. This states a claim of actual present damage to the Linck

gal requirements for, "a qualified disclaimer with respect to any interest in property").

2. *See* Internal Revenue Code, 26 U.S.C.A. § 2001 *et seq.* (1983) ("tax ... imposed on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States," *Id.* at § 2001(a)).

3. *See* Internal Revenue Code, 26 U.S.C.A. § 2501 *et seq.* (1982) ("tax ... imposed for each calendar year on the transfer of property by gift during such calendar year by any individual, resident or nonresident," *Id.* at § 2501(a)(1)).

4. Like those of any other action for negligence, the elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. *Budd v. Nixen,* 6 Cal.3d 195, 98 Cal.Rptr. 849, 491 P.2d 433 (1971); *Alhino v. Starr,* 112 Cal. App.3d 158, 169 Cal.Rptr. 136, 147 (1981); *see Lucas v. Hamm,* 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685 (1961); *Allred v. Rabon,* 572 P.2d 979, 981 (Okl.1978). All of these elements must be properly pleaded to withstand a motion to dismiss for failing to state a claim.

children. The Lincks' second amended complaint states that Gertrude Linck would have disclaimed a large portion of Lee Linck's estate, passing it on to the children without payment of gift taxes. If their claim is proved, the Linck children are damaged not only because they will receive less upon the death of their mother (imposition of "second" estate tax), but also because they will have to forego the use of the money until their mother's death.

To state a claim upon which relief may be granted, Gertrude Linck and the Linck children need not prove the facts alleged in their complaint, *i.e.* they need not prove the amount of damage incurred as a result of the defendants' negligence. It is enough that actual damage is alleged. *See Miller v. Johnson,* 370 P.2d 171, 172 (Alaska 1962) (a motion to dismiss for failure to state a claim for relief should be denied if a complaint states a claim for *some* relief, even though the relief may not be the kind to which the party is in fact entitled). Thus, on the basis of the allegation of facts consistent with the elements necessary to state a cause of action for professional negligence, the superior court erred in dismissing the Linck's complaint for failure to state a claim for relief.

For the foregoing reasons we REVERSE.