Kenneth R. KOLLODGE and Kathleen A. Kollodge, Appellants,

v.

STATE of Alaska, Richard D. Savell, and State Employee John Doe I and II, Appellees.

No. S–2295.

Supreme Court of Alaska.

June 3, 1988.

Thomas R. Wickwire, Fairbanks, for appellants.

Patrick T. Brown, Fairbanks, for appellees.

## OPINION

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

MOORE, Justice.

In this appeal, we review the superior court's dismissal of Kenneth and Kathleen Kollodge's abuse of process claim against Richard Savell. The superior court found that the Kollodges failed to state a claim upon which relief could be granted. We affirm.

### I.

This suit is related to *Kollodge v. State*, which came before this court in December, 1987. That case arose out of the State's discharge of Kenneth Kollodge from his position as wage adjuster for the State Department of Labor. Kenneth Kollodge sued the State and the Alaska Public Employees Association (APEA) for wrongful termination and breach of the duty of fair representation. The superior court granted summary judgment in favor of both the State and the APEA on November 7, 1986. Soon after, both the State and the APEA moved for an award of attorneys' fees.

Prior to disposition of the attorneys' fees issue, Richard Savell, counsel for the State, refused Kollodge's request to stay execution of the judgment while Kollodge appealed. Thereafter, on November 24, 1986, Kollodge transferred his interest in the family home to his wife, Kathleen Kollodge, by quitclaim deed. On December 10, 1986, the superior court awarded the State $50,664.85 in costs and attorney's fees arising out of the initial proceeding. The State recorded this judgment on December 15, 1986.[1]

Savell wrote a letter for the State, dated December 11, 1986, to the Kollodges' counsel. The letter warned counsel that the State considered Kollodge's transfer of interest in the family home, just days before the judgment for fees was entered, a fraudulent conveyance. Accordingly, if Kathleen Kollodge did not "reconvey the property to the marital community," the State would file suit against the Kollodges to set aside the transaction as a fraudulent conveyance. The Kollodges' counsel rejected the proposal, and the State filed suit on January 15, 1987 to set aside the conveyance.

The Kollodges' answer to the State's complaint included a third-party complaint against Richard Savell alleging abuse of process and malicious prosecution. Ultimately, Kollodge voluntarily dismissed the malicious prosecution claim because it was premature.[2] As for the abuse of process claim, the Kollodges allege that Savell knew that the State's judgment was "junior to the existing Mortgage/Deed of Trust note, the judgment of ... [APEA] ... and the [Kollodges'] homestead exemption...." Thus, "even if title were in Kenneth and Kathleen Kollodge's name there would be no equity to sell to pay the State's judgment, even if it were to sell at execution...." The Kollodges conclude, "[t]he decision to file this action was made either without reasonable inquiry ... as required by Civil Rule 11, or ... was made to harass Mr. Kollodge, coerce him to drop his appeal or threaten his marriage or for some other improper purpose...."

On March 23, 1987, Savell's counsel filed a Motion to Strike and/or Dismiss the Third–Party Complaint. Savell argued that the Kollodges' abuse of process claim must fail on two grounds: First, the claim did not comply with Civil Rule 14(a) because it was not directed towards a party who is or may be liable to the Kollodges for any part of the State's claim against them. Second, the Kollodges failed to state a claim for abuse of process upon which relief could be granted. *See* Alaska R.Civ.P. 12(b)(6).

Counsel for the Kollodges did not appear at the May 7, 1987 hearing on the Motion to Dismiss. The superior court issued an order on May 11, 1987 striking the abuse of process claim for failure to comply with Civil Rule 14(a), and dismissing the abuse of process claim under Civil Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The superior court denied the Kollodges' Motion to Reconsider the court's May 11, 1987 order. The Kollodges appeal the superior court order dismissing the abuse of process claim against Savell.

## II.

To survive a challenge under Civil Rule 12(b)(6),[3] "it is enough that the com-

---

1. On December 8, 1986, the superior court awarded the APEA $28,098.01 in costs and attorney's fees. The APEA recorded this judgment on December 12, 1986.

2. One of the elements of a malicious prosecution cause of action is that the initial proceeding terminated favorably for the plaintiff to the malicious prosecution claim. *See* 1 F. Harper, F. James, & O. Gray, *The Law of Torts* § 4.9, at 477–78 (2d ed. 1986). Thus, the Kollodges could state a malicious prosecution claim against Savell only if they first prevail in the State's suit to set aside the transfer of property between the Kollodges. Since that has not happened yet, the Kollodges' claim is premature. Realizing this, they voluntarily dismissed the cause of action.

3. Civil Rule 12(b)(6) provides:
 (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
 . . . . .

plaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action." *Linck v. Barokas & Martin*, 667 P.2d 171, 173 (Alaska 1983). The trial court must *only* consider the material contained in the pleadings in a motion to dismiss for failure to state a claim. "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." *Id.* The court "must presume all factual allegations of the complaint to be true and [make] all reasonable inferences ... in favor of the non-moving party." 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.07 [2.–5], at 12–63 (1986). Motions to dismiss are viewed with disfavor and should rarely be granted.[4] *Reed*, 741 P.2d at 1184.

 We have defined the tort of abuse of process as comprised of two elements: "'first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding.'" *Jenkins v. Daniels*, 751 P.2d 19, 22 (Alaska 1988) (quoting W. Keeton, D. Dobbs, R. Keeton and D. Owen, *Prosser and Keeton on the Law of Torts* § 121, at 898 (5th ed. 1984)).

The second element of the tort of abuse of process contemplates some overt act done in addition to the initiating of the suit. In fact, the California Supreme Court has observed that "the overwhelming majority" of states hold that "the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action." *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal.3d 1157, 232 Cal.Rptr. 567, 574, 728 P.2d 1202, 1209 (1986) (citations omitted). Prosser concurs with this view:

> Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done noth-

ing more than carry out the process to its authorized conclusion, even though with bad intentions.

*Prosser and Keeton on the Law of Torts* § 121, at 898 (footnote omitted). Thus, to survive a motion to dismiss for failure to state a claim, a party must plead a willful act taken by the defendant in addition to filing the complaint. *See Laxalt v. McClatchy*, 622 F.Supp. 737, 752 (D.Nev. 1985).

The policy underlying the majority rule requiring a willful act rests on the implicit distinction between an abuse of process claim and a malicious prosecution claim. A malicious prosecution cause of action seeks to redress the wrongful bringing of an action. To prevail in an action for malicious prosecution, a party must prove that the initial proceeding (1) terminated in his/her favor, (2) was brought without probable cause, and (3) was initiated with malice. *See Oren*, 232 Cal.Rptr. at 574, 728 P.2d at 1209. If an abuse of process claim could be brought by only alleging an improper purpose, then a party could circumvent the elements of a malicious prosecution cause of action. The California court explained:

> If ... the filing of an action for an improper "ulterior" purpose were itself sufficient to give rise to an abuse of process action, the "lack-of-probable-cause" element of the malicious prosecution tort would be completely negated; even if an individual could demonstrate that he had reasonable cause to believe that his initial lawsuit had merit when he filed the action, he would still face potential liability under an abuse of process theory. Because the lack-of-probable-cause requirement in the malicious prosecution tort plays a crucial role in protecting the right to seek judicial relief, we agree with the prior decisions which have concluded that this element may not be circumvented through expansion of the

---

(6) failure to state a claim upon which relief can be granted....

**4.** We give *de novo* review to an order dismissing a complaint for failure to state a claim. *See*

*Reed v. Municipality of Anchorage*, 741 P.2d 1181, 1184 (Alaska 1987); *Linck*, 667 P.2d at 173 (applying this standard without stating it).

abuse of process tort to encompass the alleged improper filing of a lawsuit.

*Id.* at 574–75, 728 P.2d at 1209–10 (citation omitted).

The Ninth Circuit examined the two elements of an abuse of process claim in a case similar to the one presently before this court. *See Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695 (9th Cir.1981). The Ninth Circuit affirmed the district court's dismissal of Blue Goose's abuse of process claim because Blue Goose failed to allege facts sufficient to make out the "willful act" element of the cause of action. *Id.* at 697. Blue Goose claimed that Yuma Groves undertook three "willful acts": threatening suit, initiating suit, and requesting discovery. The court held that none of these were sufficient to support the claim:

> [A]buse of process focuses on " '[t]he purpose for which the process is used, *once it is issued....'* " Thus, threat of suit cannot constitute a "wilful act" for the tort. Similarly, [we have previously] rejected the contention that the initiation of a lawsuit can constitute the necessary act.

*Id.* at 697 (citations omitted; emphasis in original). Finally, the discovery request for Blue Goose's business records did not satisfy the willful act requirement because it "was not exploited to obtain collateral advantage or used in any form of extortion." *Id.*

In their brief, the Kollodges urge this court to adopt an alternative view. The Kollodges claim that abuse of process is "the employment of process for a wrongful and malicious purpose to attain an unjustifiable end or an object that the particular process was not meant to effect." As such, an abuse of process claim "does not require an act in addition to misuse of the process."

In support of their argument, the Kollodges rely on *Bull v. McCuskey,* 96 Nev. 706, 615 P.2d 957, 960 (1980). The Kollodges cite *Bull* for the proposition that filing suit to coerce settlement in another case is abuse of process without an additional act. However, in *Bull,* the Nevada court upheld the jury's finding of abuse of process after noting the acts of the plaintiff's attorney subsequent to filing the original complaint —namely, offering to settle the suit for a minimal amount after failing to adequately investigate before filing suit and failing to produce essential expert evidence at trial. According to a federal district court commenting on the *Bull* decision:

> [i]t was the actions which the lawyer took (or failed to take) *after* the filing of the complaint which constituted the abuse of process, and not the filing of the complaint itself, which constituted the tort in the *Bull* court's estimation. Thus, Nevada follows the rule, as does an overwhelming majority of states, that the mere filing of the complaint is insufficient to establish the tort of abuse of process.

*Laxalt v. McClatchy,* 622 F.Supp. 737, 752 (D.Nev.1985) (citations omitted; emphasis in original).

The superior court, in dismissing the Kollodges' abuse of process cause of action for failure to state a claim under Civil Rule 12(b)(6), stated: "The sole act upon which Kollodge bases his claim is the filing of the complaint. This, without more, cannot form the basis of an abuse of process claim." We agree and adopt the majority rule that the mere filing of a complaint, even for an improper purpose, is an insufficient basis for an abuse of process claim.

The Kollodges plead facts in their third-party complaint sufficient to show an improper purpose, and thereby state the first element of a claim for abuse of process:

> The decision to file this action was made either without reasonable inquiry by Third Party Defendant, as required by Civil Rule 11, or, if made after such inquiry, was made to harass Mr. Kollodge, coerce him to drop his appeal or threaten his marriage or for some other improper purpose, either of which motives constitute an abuse of process.

However, the Kollodges failed to plead any facts which would satisfy the "willful act" element of an abuse of process claim. In essence, the only act of Savell's which the Kollodges plead in their abuse of process

claim is the filing of the complaint with an improper purpose. Since the third-party complaint alleges *no* acts taken by Savell beyond the mere filing of the complaint, the Kollodges failed to plead the necessary elements of abuse of process. For that reason, we affirm the superior court's dismissal of the Kollodges' abuse of process claim. *See* 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.07 [2.–5] at 12–68 (1986) ("[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief ...").

### III.

 The Kollodges argue that Savell committed a Civil Rule 11 violation in addition to abuse of process when he filed the complaint for an improper purpose.

Civil Rule 11 requires every attorney filing a pleading to sign that pleading as "a certificate by him" that

> after reasonable inquiry it [the pleading] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless expense in the cost of litigation.

Alaska R.Civ.P. 11. A court can impose sanctions upon a person violating this rule "upon motion or upon its own initiative." *Id.*

In this case, the Kollodges never moved the superior court for Rule 11 sanctions. Nor did the superior court, upon its own initiative, impose sanctions on Savell for a Rule 11 violation. Thus, the Kollodges' Rule 11 argument was never properly raised at the superior court.

The Kollodges claim that they raised their Rule 11 claim in their third-party complaint in superior court. The Kollodges do *mention* Rule 11 in their third-party complaint:

> The decision to file this action was made either without reasonable inquiry by Third Party Defendant [Savell], as required by Civil Rule 11, or, if made

after such inquiry, was made to harass Mr. Kollodge, coerce him to drop his appeal, or threaten his marriage or for some other improper purpose, either of which motives constitute an abuse of process.

However, the complaint mentions Rule 11 only in the context of the abuse of process claim. To effectively raise such a violation, the Kollodges should have moved the superior court to impose sanctions on Savell under Rule 11. They did not do this. This would have given the superior court an opportunity to rule on the motion. Because the Kollodges did not properly raise the issue below, we do not address it. *See Zeman v. Lufthansa German Airlines,* 699 P.2d 1274, 1280 (Alaska 1985).

The judgment of the superior court is AFFIRMED.