Larry L. CAUDLE, Appellant,

v.

Allison MENDEL, Mendel & Associates,
and Mendel & Huntington,
Appellees.

No. S–8265.

Supreme Court of Alaska.

Dec. 30, 1999.

Larry L. Caudle, pro se, Anchorage.

Allison E. Mendel, Mendel & Associates, Anchorage, for Appellees.

Before MATTHEWS, Chief Justice, COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

## *O P I N I O N*

MATTHEWS, Chief Justice.

### I. *INTRODUCTION*

Larry Caudle filed a complaint against Allison Mendel, Mendel & Associates, and Mendel & Huntington (Mendel), alleging malicious prosecution, abuse of process, intentional infliction of emotional distress (IIED), and negligent infliction of emotional distress (NIED) for Mendel's actions in representing Caudle's wife, Debra Caudle, in a domestic violence (DV) petition for a protective order and in a subsequent divorce action. The superior court granted Mendel's motion to dismiss for failure to state a claim upon which relief can be granted and awarded Mendel actual attorney's fees. Because we hold that Caudle's claims were premature, we affirm the superior court's dismissal of all claims. We reverse and remand the award of actual attorney's fees for further findings.

### II. *FACTS AND PROCEEDINGS*

On April 18, 1997, Caudle filed a complaint against Mendel for abuse of process, malicious prosecution, IIED, and NIED. Caudle alleged the following general facts in support of his complaint. First, Mendel had represented Caudle's wife, Debra, in a DV petition filed on February 3, 1997. Second, the peti-tion was dismissed for "insufficient evidence" on February 4, 1997. Third, Mendel was representing Debra in a divorce action against Caudle that was filed on February 13, 1997. Fourth, on February 14, 1997, Mendel filed an expedited motion for interim custody, interim support, and eviction of Caudle from the family home. In the expedited motion, Mendel alleged domestic violence by Caudle against his wife.

In Count I, Caudle claimed that Mendel's actions in the divorce proceedings were an abuse of process and/or malicious prosecution because she pursued a second claim of domestic violence in the divorce case based on the same allegations of domestic violence that were previously dismissed for insufficient evidence in the DV petition. In Count II, he claimed that Mendel's actions in filing the DV petition were an intentional and/or negligent infliction of emotional distress, because Mendel knew or should have known that the DV charges were false and that the DV petition was frivolous. Caudle also claimed that Mendel filed the DV petition for the improper purposes of evicting him from the marital home, obtaining attorney's fees from Debra's father, William Hinnershitz, and gaining an advantage in the divorce case by obtaining an ex parte protective order.

■ Mendel did not answer the complaint. Instead, she filed a Civil Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The superior court granted the motion to dismiss. It held that Caudle could not prove any of his claims because Mendel's actions in using the same domestic violence allegations in the divorce proceeding that had previously been deemed insufficient to support the DV petition were reasonable since the burden of proof in the latter proceeding was lower.

Mendel then moved for actual attorney's fees, arguing that Caudle's filing the complaint was vexatious, in bad faith, and unreasonable, since the divorce action was still pending and since the burdens of proof for a DV petition and an interim divorce proceeding were different.

The superior court awarded Mendel actual attorney's fees in the amount of $2,563. It

stated that full fees were justified by Caudle's "unreasonable, bad faith and vexatious conduct in bringing and pursuing this case, in that it was legally deficient and had no chance of success."

Caudle appeals the dismissal of his complaint and the award of actual attorney's fees.

## III. *STANDARD OF REVIEW*

We review de novo an order dismissing a complaint for failure to state a claim upon which relief can be granted.[1] To survive a Rule 12(b)(6) motion:

> it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action. The trial court must *only* consider the material contained in the pleadings in a motion to dismiss for failure to state a claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. The court must presume all factual allegations of the complaint to be true and [make] all reasonable inferences . . . in favor of the non-moving party. Motions to dismiss are viewed with disfavor and should rarely be granted.[2]

We review an award of attorney's fees under Alaska Civil Rule 82 for abuse of discretion.[3] Under this standard we will find that a trial court abused its discretion only if the award is "arbitrary, capricious, manifestly unreasonable, or stems from improper motive."[4]

## IV. *DISCUSSION*

A. *Tort Claims Based on the Misuse of Legal Proceedings Arising in the Context of Divorce or Custody Litigation Should Not Be Filed until after Such Litigation Has Terminated.*

We have concluded that all of Caudle's claims were properly dismissed because they were based on claims of misuse of legal proceedings related to the ongoing divorce action between him and Debra. As such, they may not be brought until after that action has been concluded. We reach this conclusion for prudential reasons in order to discourage claims that would not be brought if the plaintiff were not opposing the defendant in domestic relations litigation.

The requirement that underlying proceedings be terminated is a standard one for the tort of malicious prosecution and the related tort of wrongful civil proceedings.[5] This requirement exists, in part, to prevent needless litigation:

> The requirement of termination is probably a matter of ripeness, a belief that the malicious prosecution action should not be tried at a time when it might tend to chill testimony in the criminal action, when the issues may still be narrowed by the criminal process, and when the civil dispute might still be resolved by compromise or other nonjudicial measures if the criminal trial can but proceed to an end.[6]

The same rationale applies with equal force to other tort claims based on allegations of misuse of legal proceedings, such as abuse of process or, as here, claims that proceedings have inflicted emotional distress on the plaintiff.

---

1. *See Kollodge v. State,* 757 P.2d 1024, 1026 n. 4 (Alaska 1988).

2. *Id.* at 1025–26 (internal quotations, citations and footnotes omitted).

3. *See Lowe v. Lowe,* 817 P.2d 453, 460 (Alaska 1991).

4. *Jones v. Jones,* 925 P.2d 1339, 1340 (Alaska 1996) (citations omitted).

5. *See* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* §§ 119–20, at 871, 892 (5th ed.1984).

6. *See id.* at 874; *see also Adams v. Superior Court,* 2 Cal.App.4th 521, 3 Cal.Rptr.2d 49, 52 (1992) (noting that "[t]he reason the courts have held that a malicious prosecution action can not be grounded upon actions taken within pending litigation is that permitting such a cause of action would disrupt the ongoing lawsuit by injecting tort claims against the parties' lawyers and because the appropriate remedy for actions taken within a lawsuit lies in the invocation of the court's broad powers to control judicial proceedings.").

Malicious prosecution cases arising out of domestic relations litigation have encountered a cold reception in some courts. In California they are not allowed at all.[7] In Indiana, an appellate court held that certain family law matters such as motions to modify custody cannot give rise to a malicious prosecution claim.[8]

A number of reasons explain the disfavored status of malicious prosecution cases arising in a domestic relations context. Divorce and custody cases are often characterized by bitterness and emotional distress.[9] If parties are permitted to widen the field of battle to the tort arena, many will do so. Such cases will delay the disposition of the domestic relations case from which they spring. They will worsen the antipathy between the parties. And they will burden the courts with a category of cases which, in large part, lack substantial merit. Further, in most instances, sanctions and attorney's fees assessed in the suit in which the legal proceedings are misused are a sufficient remedy.[10]

In *McGee v. McGee*,[11] we recognized reasons why divorce and tort actions should be litigated separately:

Divorce actions will become unduly complicated if tort claims must be litigated in the same action. . . . [R]equiring joinder of tort claims in a divorce action could unduly lengthen the period of time before a spouse could obtain a divorce and result in such adverse consequences as delayed

child custody and support determinations.[12]

These reasons also support non-simultaneous litigation of domestic relations cases and tort claims based on claims that legal proceedings have been misused. We do not hold that malicious prosecution or other claims based on the misuse of legal procedures arising out of a domestic relations case can never be brought. But we think that such cases should not be maintainable until after the underlying domestic relations litigation is concluded. This rule will avoid the added bitterness and complexity that simultaneous tort litigation would bring to a domestic dispute. It will also impose a waiting period in which antipathies may cool and sound judgment may assert itself. Based on this rule, we affirm the dismissal of Caudle's claims. The dismissal on this ground must, of course, be without prejudice.

### B. *Caudle's Complaint is Deficient.*

Recognizing the possibility that Caudle may refile his complaint once the divorce litigation is concluded, we take this opportunity to comment on a number of obvious deficiencies in his complaint.

■ Taken on its face, Caudle's claim for malicious prosecution makes little sense. His complaint alleges malicious prosecution claims based on a divorce proceeding that has not yet terminated. Favorable termination of the proceeding alleged to be mali-

---

7. *See, e.g., Begier v. Strom,* 46 Cal.App.4th 877, 54 Cal.Rptr.2d 158, 164–65 (1996) (holding that ex-husband could not sue ex-wife for malicious prosecution for allegations of child sexual molestation in the divorce dissolution because malicious prosecution causes of action cannot be based on family law matters); *Bidna v. Rosen,* 19 Cal.App.4th 27, 23 Cal.Rptr.2d 251, 257 (1993) (imposing a bright-line rule that malicious prosecution claims do not lie in family law matters); *Green v. Uccelli,* 207 Cal.App.3d 1112, 255 Cal. Rptr. 315, 319 (1989) (holding that the proper relief for wrongful order to show cause motion in a divorce case was sanctions against the attorney, not a malicious prosecution claim).

8. *See Chapman v. Grimm & Grimm, P.C.,* 638 N.E.2d 462, 466 (Ind.App.1994) (holding that motions to modify custody cannot be considered the "initiation of a proceeding" sufficient to establish a malicious prosecution claim).

9. *See, e.g., Bidna,* 23 Cal.Rptr.2d at 256 (characterizing family law cases as having a unique propensity for bitterness).

10. *See, e.g., Chapman,* 638 N.E.2d at 465 (noting that attorney's fee awards for frivolous or vexatious motions to modify custody are sufficient to cover the subsequent damages such that a malicious prosecution tort is not needed); *Bidna,* 23 Cal.Rptr.2d at 256 (stating that family law courts have "the unique ability to swiftly discourage litigious nonsense *at its source* by means of attorney fee awards").

11. 974 P.2d 983 (Alaska 1999).

12. *Id.* at 993 (quoting *Nelson v. Jones,* 787 P.2d 1031, 1034 (Alaska 1990)).

cious is a required element for any malicious prosecution claim.[13]

■ Caudle's complaint fails to allege a cognizable abuse of process claim. The tort of abuse of process consists of two elements: an ulterior purpose and a "willful act in the use of the process not proper in the regular conduct of the proceeding."[14] The second element requires "some overt act done in addition to the initiating of the suit."[15] Caudle's complaint alleges that Mendel filed the divorce interim motion for the purposes of evicting Caudle from the family home and collecting attorney's fees from Debra's father. We do not believe that either of these aims is illegitimate in the sense required by the abuse of process tort. Eviction of an abusive spouse is an acceptable objective of an interim motion in a divorce proceeding. And obtaining payment, with the consent of the client, from the client's parent for services rendered in or related to the action in question is not an invalid use of the process.[16]

■ Caudle's claim for NIED is also flawed. In order to maintain a NIED claim there must be a breach of a duty arising out of a pre-existing contractual or fiduciary relationship.[17] Caudle did not allege such a relationship with Mendel.

#### C. The Award of Full Attorney's Fees Requires Additional Findings.

■ The superior court awarded Mendel one hundred percent of her actual attorney's fees, finding that Caudle engaged in "unreasonable, bad faith and vexatious conduct" in bringing a case that was "legally deficient and had no chance of success." The superior court based its finding of legal deficiency on the mistaken assumption that the burden of proof for protective orders was higher than the burden of proof for divorce proceedings. However, by statute, DV protective orders are civil restraining orders that require only a preponderance of evidence before they can be issued.[18]

Because we cannot know if the superior court's finding of bad faith and vexatiousness would be the same absent its understanding of the differing burdens of proof, we vacate the award of attorney's fees and remand the issue back to the superior court for reconsideration of the attorney's fees.

### V. CONCLUSION

We AFFIRM the superior court's dismissal of Caudle's complaint. We REMAND the award of attorney's fees for further findings.

13. *See Kollodge v. State,* 757 P.2d 1024, 1026 (Alaska 1988).

14. *Id.* (quoting *Jenkins v. Daniels,* 751 P.2d 19, 22 (Alaska 1988)).

15. *Id.*

16. *See, e.g., Docter v. Riedel,* 96 Wis. 158, 71 N.W. 119, 120 (1897) (holding that the test is "whether the process has been used to accomplish some unlawful end, or to compel the *defendant* to do some collateral thing which he could not be legally compelled to do") (emphasis added).

17. *See Chizmar v. Mackie,* 896 P.2d 196, 203 (Alaska 1995) (holding that a plaintiff's right to recover emotional damages caused by mere negligence is limited to those cases where the defendant owes the plaintiff a preexisting duty).

18. *See* AS 18.66.100(b) ("If the court finds by a preponderance of evidence that the respondent has committed a crime involving domestic violence against the petitioner, regardless of whether the respondent appears at the hearing, the court may order ... relief....").