NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ANTHONY LEE BROWN, | ) | |
| | ) | Supreme Court No. S-13938 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-07-12079 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| CORRECTIONS CORPORATION | ) | AND JUDGMENT[*] |
| OF AMERICA and STATE OF | ) | |
| ALASKA, DEPARTMENT OF | ) | No. 1446 – December 19, 2012 |
| CORRECTIONS, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: Anthony Lee Brown, pro se, Anchorage, Appellant. Daniel T. Quinn, Richmond & Quinn, Anchorage, for Appellees.

Before: Fabe, Winfree, and Stowers, Justices. [Carpeneti, Chief Justice, and Christen, Justice, not participating.]

I.      INTRODUCTION

Anthony Brown was a prisoner who was a party to the *Cleary* Final Settlement Agreement (*Cleary* Settlement), a class-action settlement between Alaska inmates and Alaska's Department of Corrections (DOC), which was approved by the

---

[*]      Entered under Appellate Rule 214.

court and incorporated into a 1990 judicial decree. While being held under the authority of DOC, Brown was transferred to a private prison in Arizona operated by Corrections Corporation of America. He claims to have suffered numerous violations of rights guaranteed under the *Cleary* Settlement, DOC's policies and procedures, and the contract between DOC and Corrections Corporation during his time held by Corrections Corporation. He sought declaratory judgment, as well as compensatory, liquidated, and punitive damages from both Corrections Corporation and DOC. The superior court dismissed his case for failure to state a claim under Alaska Civil Rule 12(b)(6). Because Brown was not entitled to equitable relief and the *Cleary* Final Settlement Agreement does not contemplate enforcement by monetary damages, we affirm.

## II. FACTS AND PROCEEDINGS

### A. Facts

In 1990 DOC reached a settlement with prisoners known as the *Cleary* Final Settlement Agreement. This agreement laid out in detail the minimum conditions of prisons and the rights of current and future prisoners held in facilities owned or operated by the State. The *Cleary* Settlement was approved by the superior court and incorporated into a judicial decree.

In November 2004 the contract at issue between DOC and Corrections Corporation took effect. The contract touched on many of the same topics covered by the *Cleary* Settlement. Anthony Brown was an Alaska inmate who was transferred in October 2004 to Red Rock Correctional Center, a private prison in Eloy, Arizona run by Corrections Corporation.

### B.    Proceedings

Brown filed his complaint in November 2008.[1]  The complaint listed 40 separate claims.[2]  Each claim alleged violations of the *Cleary* Settlement, the contract between DOC and Corrections Corporation, and DOC's Policies and Procedures.  Brown requested liquidated damages from Corrections Corporation under the contract between DOC and Corrections Corporation, compensatory damages from both DOC and Corrections Corporation pursuant to the *Cleary* Settlement, and punitive damages from both DOC and Corrections Corporation.  Brown also asked for declaratory judgments that Corrections Corporation had breached its contract with DOC and the *Cleary* Settlement, and that DOC had breached the *Cleary* Settlement and failed to enforce its contract with Corrections Corporation.

Corrections Corporation and DOC moved to dismiss the complaint under Alaska Civil Rule 12(b)(6) for failure to state a claim.  Judge William F. Morse granted the motion to dismiss.  The superior court ruled that Brown's requests for declaratory judgment were moot because Brown was no longer in Corrections Corporation custody.  The superior court also ruled that AS 09.19.200 barred Brown from seeking monetary damages without an allegation of a violation of his constitutional or statutory rights, noting that the complaint was "a model of organization, detail, and precision" and that if Brown had intended to raise those issues, he would have done so expressly.

---

[1]    Brown filed his original complaint in 2007, but it was twice amended.  His second amended complaint was filed in November 2008.

[2]    Sixteen claims related to medical care, three related to the law library, five related to mail service, five related to grievance procedures, seven related to the handling of prisoner funds, one related to surcharges at the commissary, one related to recreation, one related to vocational training, and one related to food service.

The superior court further ruled that DOC's policies did not create a contract between Brown and DOC. It did rule, however, that Brown might be a third-party beneficiary of the contract between DOC and Corrections Corporation if the contract incorporated DOC policies that were sufficiently similar to provisions in the *Cleary* Settlement.[3] It also held that the *Cleary* Settlement could be enforced against both Corrections Corporation and DOC. The superior court then interpreted AS 09.19.200 to preclude any contractual claims that failed to allege a violation of a statutory or constitutional right and granted the motion to dismiss on this ground. Brown appeals.

## III.   STANDARD OF REVIEW

"We review *de novo* an order dismissing a complaint for failure to state a claim under Civil Rule 12(b)(6)."[4] In order to survive a Rule 12(b)(6) motion, "it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action."[5] "We presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party."[6]

---

[3]     The superior court, in its order on the motion to dismiss, requested from the State a copy of certain DOC policies that were incorporated into the contract between DOC and Corrections Corporation. On examination, it found that DOC policies related to medical care, the law library, incoming mail, recreation, and the commissary were substantially identical to portions of the *Cleary* Settlement. Since these policies were incorporated into the contract between DOC and Corrections Corporation, the superior court held that Brown was a third-party beneficiary as to those provisions.

[4]     *Rathke v. Corr. Corp. of Am., Inc.*, 153 P.3d 303, 308 (Alaska 2007).

[5]     *Kollodge v. State*, 757 P.2d 1024, 1025-26 (Alaska 1988) (quoting *Linck v. Barokas & Martin*, 667 P.2d 171, 173 (Alaska 1983)) (internal quotation marks omitted).

[6]     *Rathke*, 153 P.3d at 308.

## IV. DISCUSSION

### A. Compensatory Monetary Damages Are Not Available Under The *Cleary* Settlement.

Brown's complaint asks for monetary damages from the State based on alleged violations of the *Cleary* Settlement. As we decided in *Perotti v. Corrections Corporation of America*,[7] the *Cleary* settlement does not contemplate compensatory monetary damages for such violations.[8]

"We construe consent decrees following normal principles of contract interpretation."[9] The goal of contract interpretation is to "determine and enforce the reasonable expectations of the parties."[10] The *Cleary* Settlement is specific in describing the means by which it will be enforced. In the section entitled "Future Monitoring, Modification And Enforcement Of This Agreement," the agreement addresses actions "seeking enforcement, modification or interpretation" of the agreement, as well as actions seeking "to hold the Department [of Corrections] in contempt for alleged violations of this agreement." In *Perotti*, we concluded that the *Cleary* Settlement is generally enforced by contempt of court actions, not by actions for compensatory

---

[7] ____ P.3d ____, Op. No. 6735 (Alaska, Dec. 14, 2012).

[8] Brown also asks for declaratory judgments that Corrections Corporation breached its contract with DOC; that DOC failed to enforce the contract; that DOC and Corrections Corporation breached the *Cleary* Settlement; and that the actions of Corrections Corporation and DOC were intentional, willful, recklessly negligent, posed a likelihood of harm to Brown, and resulted in unjust profit. It appears that Brown is seeking declarations of wrongdoing in order to receive damages, and thus is merely restating his other claims. But to the extent that he is seeking independent prospective relief, these claims are moot because Brown is no longer in the custody of Corrections Corporation.

[9] *Hertz v. State, Dep't of Corr.*, 230 P.3d 663, 669 (Alaska 2010).

[10] *Norville v. Carr-Gottstein Foods Co.*, 84 P.3d 996, 1004 (Alaska 2004).

monetary damages.[11]  Some specific terms of the *Cleary* Settlement specify payments to be made to prisoners, such as gate money.[12]  But Brown is not asking for damages under these specific terms; instead, he seeks monetary damages on the basis of a failure to abide by other terms of the *Cleary* Settlement.  Because the *Cleary* Settlement does not contemplate an award of compensatory monetary damages for a breach of its provisions, Brown is not entitled to this relief.[13]

B.  **Status As A Third-Party Beneficiary Of The Contract Between DOC And Corrections Corporation Does Not Entitle Brown To Monetary Damages.**

Brown also seeks monetary damages as a third-party beneficiary of the contract between DOC and Corrections Corporation.  In *Perotti*, we explained that the purpose of making prisoners third-party beneficiaries to a contract between DOC and Corrections Corporation was to vindicate the rights found in the *Cleary* Settlement, not to create new rights.[14]  To the extent that Brown is a third-party beneficiary of the contract between DOC and Corrections Corporation, his status does not entitle him to

---

[11]    ____ P.3d ____, Op. No. 6735 at 11-13.

[12]    *See Hertz*, 230 P.3d at 668.

[13]    As we emphasized in *Perotti*, this limitation on monetary damages springs from our interpretation of the language and terms of the *Cleary* Settlement and is not a general limitation on prisoners seeking compensatory monetary damages in other circumstances.  ____ P.3d ____, Op. No. 6735 at 12-13; *see Hertz v. Beach*, 211 P.3d 668, 682-83 (Alaska 2009) (reversing a grant of summary judgment on a medical malpractice claim against a prison dentist); *Kanayurak v. North Slope Borough*, 677 P.2d 893, 897 (Alaska 1984) (holding that a duty of care is owed even to prisoners who injure themselves); *Wilson v. City of Kotzebue*, 627 P.2d 623, 628 (Alaska 1981) (holding that prisoners are owed a duty of care comparable to the duty of care owed by common carriers to passengers).

[14]    ____ P.3d ____, Op. No. 6735 at 13-15.

any rights beyond those found in the *Cleary* Settlement.  Since he could not receive monetary damages under the *Cleary* Settlement for the violations he alleges, he cannot receive them as a third-party beneficiary of the contract here.

V.    **CONCLUSION**

We AFFIRM the superior court's dismissal of Brown's case for failure to state a claim.