**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RENEE ELLISON; LOUIS A. BREUER, | No. 12-35948 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-00072-SLG |
| v. | |
| JOHANNA E. HAWTHORNE, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 15, 2013**
Anchorage, Alaska

Before:  KOZINSKI, Chief Judge, and BERZON and IKUTA, Circuit Judges.

Renee Ellison appeals the district court's dismissal of her claims in an

adversary action filed against Johanna Hawthorne's estate in bankruptcy.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court did not err in denying Ellison's motion to file a second amended complaint adding claims for abuse of process and malicious prosecution, because her proposed amendments would have been futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Ellison's proposed abuse of process claim failed to allege that Hawthorne took any "overt act done in addition to the initiating of the suit," which is a necessary element of an abuse of process action in Alaska. *Amos v. Allstate Ins. Co.*, 184 P.3d 28, 38 (Alaska 2008) (quoting *Caudle v. Mendel*, 994 P.2d 372, 376 (Alaska 1999)). Her proposed claim for malicious prosecution also necessarily failed, as she was not victorious in the prosecution at issue. *See Koollodge v. State*, 757 P.2d 1024, 1026 (Alaska 1988).

The district court did not err in granting summary judgment with respect to Count 2 (breach of the covenant of good faith) based on alleged misrepresentations made by Hawthorne. Because Ellison has not pointed to any legal or factual misrepresentation, there is no genuine issue of material fact relevant to this count. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012).

The district court did not err in granting summary judgment with respect to Count 4 (unfair and deceptive trade practices in violation of A.S. § 45.50.471), because the Alaska Supreme Court has ruled that this statute is inapplicable to

residential leases like the one at issue here. *Roberson v. Southwood Manor Assoc., L.L.C.*, 249 P.3d 1059, 1059 (Alaska 2011).

Nor did the district court err in granting summary judgment on Counts 8 and 9 (non-dischargeability of claims, and non-dischargeability of attorneys' fees, respectively, under 11 U.S.C. § 523(a)(6)). Viewed in the light most favorable to Ellison, there is no genuine issue of material fact relevant to Hawthorne's willfulness and malicious intent with respect to Counts 2, 3, 4, and 6. *See Evon*, 688 F.3d at 1024; *see also* 11 U.S.C. § 523(a)(6).

The district court erred, however, in holding that it was barred by the *Rooker-Feldman* doctrine from entertaining Count 1 (breach of covenant of quiet enjoyment) and Count 5 (retaliatory eviction) of Ellison's First Amended Complaint. Because neither claim "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision," *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008), *Rooker-Feldman* is inapplicable to this situation. Nor is Ellison's case collaterally estopped by the state court judgment in Hawthorne's possession action, because under Alaska law, such possession actions do not collaterally estop counterclaims like Ellison's. *Chilton-Wren v. Olds*, 1 P.3d 693, 698 (Alaska 2000). We reject Hawthorne's argument that Ellison's complaint fails to state a claim for retaliatory

3

eviction, because the complaint alleges that Ellison complained to Hawthorne about defects in the premises before Hawthorne attempted to terminate her tenancy in November 2009, and Hawthorne has not explained why this factual allegation is insufficient.

The district court also erred in granting summary judgment with respect to Count 3 (unfitness of premises) and Count 6 (breach of contract). Although the district court determined there was no genuine issue of material fact relevant to whether Hawthorne had acted willfully or maliciously, these are not elements of an unfitness of premises or breach of contract claim. *See Newton v. Magill*, 872 P.2d 1213, 1217 (Alaska 1994) (requiring "reasonable care" for actions under A.S. § 34.03.100); *Great W. Sav. Bank v. George W. Easley Co. J.V.*, 778 P.2d 569, 577–78 (Alaska 1989) (breach of contract action). For purposes of adjudicating Ellison's claim, it is irrelevant that Ellison would need to establish these elements to ensure that any damage award would be nondischargeable in bankruptcy. Creditors holding discharged debts are entitled to receive their "pro-rata share of the distribution of the property of the bankruptcy estate." *In re Ybarra*, 424 F.3d 1018, 1022 (9th Cir. 2005). Contrary to Hawthorne's argument in her supplemental brief, Ellison's failure to provide a written notice to Hawthorne before the state court forcible entry and detainer proceeding did not preclude her

4

from bringing a claim for unfitness of premises. Neither the plain language of A.S. § 34.03.160(b) nor any state court opinion identified by Hawthorne imposes such a requirement on a tenant in Ellison's position.

We therefore reverse the district court's grant of summary judgment with respect to Counts 3 and 6, and its dismissal of Counts 1 and 5, and remand for proceedings consistent with this disposition. Because we reverse in part the district court's decision on the merits, we reverse and remand its grant of summary judgment with respect to Count 7 (seeking attorneys' fees) and Counts 10, 11, and 12 (seeking equitable liens).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**

Ellison v. Hawthorne, No. 12-35948

Chief Judge **KOZINSKI**, dissenting in part:

Because continued litigation of Ellison's baseless claims wastes the court's and parties' time and money, I must dissent from the majority's remand.

The tempestuous relationship between month-to-month tenant Ellison and landlord Hawthorne should have ended in 2009, but as many dysfunctional relationships do, it's dragged on for years. In November 2009, Hawthorne sent Ellison a letter terminating her tenancy. Rather than pack her bags and move out, Ellison remained in the apartment, forcing Hawthorne to commence Forcible Entry and Detainer (FED) proceedings. In the meantime, knowing full well that her tenancy was over and she had thirty days to leave, Ellison had the local fire department make a report of missing smoke alarms. She attached the report in support of her answer in the FED action.

Ellison's pleadings are essentially poorly worded recitations of the elements of the claims for which she seeks recovery. And, as evidence to support these claims, she relies only on her verified state-court answer from the FED action, which includes no proof of damages. This dooms her breach of contract claim: Plaintiffs "need not prove the amount of damages with exact detail, but the evidence must provide a reasonable basis" to compute an award. Ben Lomond,

Inc. v. Schwartz, 915 P.2d 632, 636 (Alaska 1996) (internal quotation marks and citations omitted); see also 17B C.J.S. Contracts § 824 (2013).

Ellison also provides zero proof of retaliatory or wrongful eviction. She alleges that Hawthorne evicted her because of her complaints about the premises. Ellison's state-court answer referenced a report documenting missing smoke alarms completed by the Matsu Fire Department. But this report can't serve as evidence for retaliatory or wrongful eviction, as Hawthorne sent Ellison a letter terminating her tenancy on November 10, 2009, a month before the report was completed. Causation does not run backwards in time. Nor does Ellison present any other evidence of retaliation.

Ellison also shows no damages from the lack of smoke alarms or any other alleged issue with the apartment so as to raise a genuine issue of material fact as to the unfitness of the premises. We don't empanel juries to decide theoretical injuries.

Ellison's breach of covenant of quiet enjoyment claim fails because she can't support a finding that Hawthorne interfered with her use of the apartment in a substantial way. See DeNardo v. Corneloup, 163 P.3d 956, 960 (Alaska 2007); see also Berrey v. Jeffcoat, 785 P.2d 20, 23 (Alaska 1990). In DeNardo, the tenant claimed that his quiet enjoyment had been breached because a neighbor was

smoking and the landlord failed to do anything after he complained.  <u>DeNardo</u>, 163 P.3d at 960.  But "[b]ecause DeNardo did not offer facts sufficient to prove that his landlord substantially disturbed his use of the land," the Alaska Supreme Court held that the claim was properly dismissed.  <u>Id.</u>  Ellison doesn't offer evidence proving that Hawthorne interfered with Ellison's use of the apartment in any way—let alone "in a substantial manner."

The summary judgment ruling was made by a district judge who served as an Alaska Superior Court Judge for ten years before being appointed to the district court.  In fact, she was the judge whose grant of summary judgment was upheld by the Alaska Supreme Court in <u>DeNardo</u>.  163 P.3d at 956.  No doubt, she is familiar with Alaska law and, as the Alaska Supreme Court has confirmed, properly applies it.  Remanding will not change the ultimate outcome.  It will only increase the landlord's costs, making leases more expensive in Anchorage.  I would affirm.