MEMORANDUM **
Renee Ellison appeals the district court’s dismissal of her claims in an adversary action filed against Johanna Hawthorne’s estate in bankruptcy.
The district court did not err in denying Ellison’s motion to file a second amended complaint adding claims for abuse of process and malicious prosecution, because her proposed amendments would have been futile. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir.1998). Ellison’s proposed abuse of process claim failed to allege that Hawthorne took any “overt act done in addition to the initiating of the suit,” which is a necessary element of an abuse of process action in Alaska. Amos v. Allstate Ins. Co., 184 P.3d 28, 38 (Alaska 2008) (quoting Caudle v. Mendel, 994 P.2d 372, 376 (Alaska 1999)). Her proposed claim for malicious prosecution also necessarily failed, as she was not victorious in the prosecution at issue. See Kollodge v. State, 757 P.2d 1024, 1026 (Alaska 1988).
The district court did not err in granting summary judgment with respect to Count 2 (breach of the covenant of good faith) based on alleged misrepresentations made by Hawthorne. Because Ellison has not pointed to any legal or factual misrepresentation, there is no genuine issue of material fact relevant to this count. See Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1024 (9th Cir.2012).
The district court did not err in granting summary judgment with respect to Count 4 (unfair and deceptive trade practices in violation of A.S. § 45.50.471), because the Alaska Supreme Court has ruled that this statute is inapplicable to residential leases like the one at issue here. Roberson v. Southwood Manor Assoc., L.L.C., 249 P.3d 1059, 1059 (Alaska 2011).
Nor did the district court err in granting summary judgment on Counts 8 and 9 (non-dischargeability of claims, and non-dischargeability of attorneys’ fees, respectively, under 11 U.S.C. § 523(a)(6)). Viewed in the light most favorable to Ellison, there is no genuine issue of material fact relevant to Hawthorne’s willfulness and malicious intent with respect to Counts 2, 3, 4, and 6. See Evon, 688 F.3d at 1024; see also 11 U.S.C. § 523(a)(6).
The district court erred, however, in holding that it was barred by the Rooker-Feldman doctrine from entertaining Count 1 (breach of covenant of quiet enjoyment) and Count 5 (retaliatory eviction) of Ellison’s First Amended Complaint. Because neither claim “asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision,” Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir.2008), Rooker-Feldman is inapplicable to this situation. Nor is Ellison’s case collaterally estopped by the state court judgment in Hawthorne’s possession action, because under Alaska law, such possession actions do not collaterally estop counterclaims like Ellison’s. Chilton-Wren v. Olds, 1 P.3d 693, 698 (Alaska 2000). We reject Hawthorne’s argument *373 that Ellison’s complaint fails to state a claim for retaliatory eviction, because the complaint alleges that Ellison complained to Hawthorne about defects in the premises before Hawthorne attempted to terminate her tenancy in November 2009, and Hawthorne has not explained why this factual allegation is insufficient.
The district court also erred in granting summary judgment with respect to Count 3 (unfitness of premises) and Count 6 (breach of contract). Although the district court determined there was no genuine issue of material fact relevant to whether Hawthorne had acted willfully or maliciously, these are not elements of an unfitness of premises or breach of contract claim. See Newton v. Magill, 872 P.2d 1213, 1217 (Alaska 1994) (requiring “reasonable care” for actions under A.S. § 34.03.100); Great W. Sav. Bank v. George W. Easley Co. J.V., 778 P.2d 569, 577-78 (Alaska 1989) (breach of contract action). For purposes of adjudicating Ellison’s claim, it is irrelevant that Ellison would need to establish these elements to ensure that any damage award would be nondischargeable in bankruptcy. Creditors holding discharged debts are entitled to receive their “pro-rata share of the distribution of the property of the bankruptcy estate.” In re Ybarra, 424 F.3d 1018, 1022 (9th Cir.2005). Contrary to Hawthorne’s argument in her supplemental brief, Ellison’s failure to provide a written notice to Hawthorne before the state court forcible entry and detainer proceeding did not preclude her from bringing a claim for unfitness of premises. Neither the plain language of A.S. § 34.03.160(b) nor any state court opinion identified by Hawthorne imposes such a requirement on a tenant in Ellison’s position.
We therefore reverse the district court’s grant of summary judgment with respect to Counts 3 and 6, and its dismissal of Counts 1 and 5, and remand for proceedings consistent with this disposition. Because we reverse in part the district court’s decision on the merits, we reverse and remand its grant of summary judgment with respect to Count 7 (seeking attorneys’ fees) and Counts 10, 11, and 12 (seeking equitable liens).
Each party shall bear its own costs on appeal.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.