NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LUCIUS H. WEEKS, | ) | |
| | ) | Supreme Court No. S-14591 |
| Appellant, | ) | |
| | ) | Superior Court Nos. 3AN-08-09168 CI |
| v. | ) | and 3AN-08-07034 CI (Consolidated) |
| | ) | |
| DAVID S. HOUSTON, | ) | MEMORANDUM OPINION |
| | ) | AND JUDGMENT* |
| Appellee. | ) | |
| | ) | No. 1449 – January 30, 2013 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Lucius H. Weeks, pro se, Anchorage, Appellant. Notice of non-participation filed by David S. Houston, Houston & Houston, P.C., Anchorage.

Before: Fabe, Chief Justice, Carpeneti, Winfree, and Maassen, Justices. [Stowers, Justice, not participating].

I.    INTRODUCTION

This appeal arises from claims of abuse of process in a divorce case. Keila Weeks initiated divorce proceedings against her husband, Lucius "Luke" Weeks. The divorce was complicated by a custody battle over the parties' son, who has special needs. Keila and Luke ultimately reached a custody settlement providing that Luke would initially be required to comply with supervised visitation requirements when he was with

_____

*    Entered under Appellate Rule 214.

the child. Luke complied with the requirements of the custody settlement, and the parties agreed to move to unsupervised visitation. But after Luke violated a domestic violence protective order and filed a civil suit against Keila, Keila filed a motion to reinstate supervised visitation and for an interim award of attorney's fees to offset her litigation expenses.

Luke responded by filing a second civil suit against Keila and her divorce attorney, alleging a number of tort claims and constitutional violations stemming from the custody litigation. The two civil suits were consolidated, and the trial court ultimately dismissed all of Luke's claims against the attorney and all but a defamation claim against Keila. The attorney then sought attorney's fees, and the trial court denied Luke's request for oral argument on that motion. Luke also asked the trial court to forward his complaint about the attorney's alleged misconduct to the Alaska Bar Association. The trial court awarded enhanced attorney's fees to Keila's attorney based on a determination that Luke's lawsuit was vexatious and litigated in bad faith.

Luke now appeals, arguing that the trial court erred in dismissing his abuse of process claims. Because Luke's complaint did not allege any ulterior purpose or willful acts by Keila or her attorney that would not have been proper in the regular course of a divorce and custody proceeding, we affirm the trial court. Luke also argues that the trial court abused its discretion in awarding enhanced attorney's fees and in denying his request for a hearing and oral argument on the fee issue. Because the motion for fees was not a dispositive motion, the trial court was within its discretion to decline to hold oral argument. And the trial court did not err in awarding enhanced fees. Finally, Luke claims the trial court abused its discretion in failing to refer the attorney's alleged misconduct to the Alaska Bar Association. But this court is not the proper venue for these claims. Luke may bring any claims of judicial or attorney misconduct to the Alaska Judicial Conduct Commission and Alaska Bar Association, respectively.

## II.    FACTS AND PROCEEDINGS

Keila Huelle Weeks (Keila) filed for divorce from Lucius Weeks (Luke) in July 2006. The parties have one child, Lucius Keiton Weeks (Keiton). Keila and Luke's relationship was volatile, and they mutually agreed to entry of a no-contact order in September 2006. Keila later petitioned for and was awarded a domestic violence restraining order against Luke.[1]

Keila and Luke's divorce was finalized in April 2007, and the parties reached a child custody settlement agreement for Keiton in August 2007. The settlement agreement imposed a requirement of supervised visitation on Luke but also provided parameters under which he could move toward unsupervised visits. Luke complied with the requirements of the settlement agreement and began having unsupervised visits with Keiton in January 2008.

In February 2008 Keila filed a motion requesting a court order to reinstate the supervised visitation requirements from the settlement agreement. She argued that Luke had not been involved in their son's therapy and was hostile toward her and others involved in their divorce and custody dispute. Keila also requested a court order requiring Luke to pay 20% of her attorney's fees and costs "required to respond to the motions filed since settlement." Keila requested enhanced fees in the amount of $15,000, which she asked to be paid by Luke prior to him filing any additional motions in their divorce and custody litigation. The trial court denied the motion for supervised visitation, and no enhanced fees were awarded.

Luke then filed a complaint against Keila and her attorney, David Houston. Luke claimed that Keila and Houston had committed the torts of abuse of process and

---

[1]    Luke was arrested in August 2007 for violating the restraining order, but the misdemeanor complaint was dismissed.

intentional infliction of emotional distress and had violated his due process rights by filing the motion for supervised visitation and attorney's fees. Specifically, Luke made two abuse of process claims. First, he asserted that Keila and Houston had filed the motion to reinstate supervised visitation to "coerce him into not seeking criminal charges" or "other legal remedies" against them. Second, he alleged that Keila and Houston had filed the motion for an enhanced award of $15,000 in attorney's fees in an attempt "to engage in a scheme to defraud" him "in violation of Alaska['s] Extortion statute" and to prevent him from seeking relief for Keila and Houston's "criminal conduct." The case against Keila and Houston was ultimately consolidated with another civil suit Luke had filed in April 2008 against Keila in which he claimed false arrest and defamation, among other loosely defined claims.[2]

Keila moved to dismiss the claims presented in the consolidated complaint, and Houston filed a non-opposition to Keila's motion. Keila contended that Luke's tort claims must be dismissed for failure to state claims for which relief could be granted and his constitutional claims must be dismissed for lack of state action. She also requested enhanced attorney's fees under Alaska Civil Rule 82(b)(3) based on Luke's "vexatious conduct."

The trial court granted Keila and Houston's motion to dismiss. As to the two abuse of process claims, the trial court ruled that the motion to reinstate supervised visitation and for attorney's fees was "well within the ordinary course of litigation." The trial court went on to state that "[e]ven if [Keila] and Mr. Houston had an ulterior purpose for filing their motions, no law or evidence exists to support [Luke's] assertion that filing . . . the motions was done outside the normal course of litigation." The trial court denied Keila's motion for attorney's fees, however, because it had granted Luke

---

[2]     The two cases were consolidated into 3AN-08-09168 CI.

the opportunity to re-file an amended complaint as to the defamation claim against Keila from the April 2008 suit. Because litigation was ongoing, and there was not yet a determination of prevailing party, the trial court declined to award attorney's fees at that time.

Houston then moved for attorney's fees in his own right. He contended that he was a prevailing party under Rule 82 because all claims against him had been dismissed. Houston claimed to have spent a total of 32 hours defending himself in the case at a rate of $275 per hour. The trial court denied Houston's motion as premature because Houston had not made a Civil Rule 54(b) request for entry of final judgment.

Final judgment of dismissal with prejudice was entered as to Houston in September 2011. Houston then re-filed his request for attorney's fees. Luke opposed Houston's request and filed a motion for hearing and oral argument on the fee issue. Houston opposed Luke's request for oral argument. Luke then filed a reply to Houston's opposition in which he argued that Canon 3(D)(2) of the Alaska Code of Judicial Conduct mandated that the trial court address misconduct by Houston by holding oral argument and making findings that could be reported to the Alaska Bar Association.

The trial court ultimately denied Luke's request for a hearing, granted Houston's motion for enhanced fees under Rule 82(b)(3), and awarded Houston $4,158 in fees. The trial court found that good cause existed to award enhanced fees because the case against Houston appeared to have been based on a "desire to punish [Houston] for zealously representing [Keila]." The trial court also found that "[n]o colorable claim existed" and that "this [was] an example of litigating in bad faith." The trial court gave no reasons for denying Luke's motion for hearing or oral argument, nor did it address Luke's request to report Houston's alleged misconduct to the Alaska Bar Association.

Luke now appeals the trial court's dismissal of his two abuse of process claims against Houston, the award of enhanced attorney's fees, the denial of his request

for a hearing and oral argument, and the trial court's apparent denial of his request to notify the Alaska Bar Association of Houston's alleged misconduct.

## III.    STANDARD OF REVIEW

We review de novo an order dismissing a complaint for failure to state a claim upon which relief can be granted.[3]  To survive a motion to dismiss, a complaint need only "set forth allegations of fact consistent with and appropriate to some enforceable cause of action."[4]  We "presume all factual allegations of the complaint to be true and [make] all reasonable inferences . . . in favor of the non-moving party."[5]

We review a trial court's award of attorney's fees under Alaska Civil Rule 82 for an abuse of discretion.[6]  A trial court abuses its discretion in awarding attorney's fees under Rule 82 only if "the award is arbitrary, capricious, manifestly unreasonable, or the result of an impermissible motive."[7]  We also review a trial court's denial of a non-dispositive motion for oral argument made under Alaska Civil Rule 77(e)

---

[3]     *Caudle v. Mendel*, 994 P.2d 372, 374 (Alaska 1999) (citing *Kollodge v. State*, 757 P.2d 1024, 1026 n.4 (Alaska 1988)).

[4]     *Krause v. Matanuska-Susitna Borough*, 229 P.3d 168, 174 (Alaska 2010) (quoting *Carlson v. Renkes*, 113 P.3d 638, 641 (Alaska 2005)).

[5]     *Id.* (quoting *Belluomini v. Fred Meyer of Alaska, Inc.*, 993 P.2d 1009, 1014 (Alaska 1999)) (alterations in original).

[6]     *See Gold Country Estates Pres. Group, Inc. v. Fairbanks N. Star Borough*, 270 P.3d 787, 793 (Alaska 2012) (citing *Balough v. Fairbanks N. Star Borough*, 995 P.2d 245, 254 (Alaska 2000)).

[7]     *Valdez Fisheries Dev. Ass'n, Inc. v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 672 (Alaska 2002) (citing *Power Constructors, Inc. v. Taylor & Hintze*, 960 P.2d 20, 44 (Alaska 1998)).

for an abuse of discretion.[8] We will find an abuse of discretion only if, based on a review of the whole record, we are left with a "definite and firm conviction" that a mistake has been made.[9]

## IV. DISCUSSION

### A. Luke's Abuse Of Process Claims[10]

Luke makes two abuse of process claims. First, he alleges that Houston made a "fraudulent request to re-instate supervised visitation in [Luke's] ongoing custody case in an attempt to use custody of [Keiton] to coerce [Luke] into not seeking criminal charges or sanctions" against Houston. Second, he alleges that Houston tried to "[e]xtort an advance[] payment of attorney[']s fees in the amount of $15,000 under Civil Rule 82 in an attempt to prevent [Luke] from filing criminal charges . . . or seeking sanctions against" Houston.[11]

The abuse of process tort has two elements: an ulterior purpose and a "willful act in the use of the process not proper in the regular conduct of the proceeding."[12] Thus, Luke must first allege facts consistent with his allegation that Houston filed the motion for an ulterior purpose. Luke claims that Keila and Houston filed their motion to prevent him from "seeking criminal actions" against them, to

---

[8] Alaska R. Civ. P. 77(e)(2).

[9] *Stinson v. Holder*, 996 P.2d 1238, 1242 (Alaska 2000).

[10] Luke made a number of additional claims in the consolidated action, which we do not address because they were not raised on appeal.

[11] Houston admitted in his answer to Luke's complaint that he filed a motion to reinstate supervised visitation and for attorney's fees.

[12] *Caudle v. Mendel*, 994 P.2d 372, 376 (Alaska 1999) (quoting *Kollodge v. State*, 757 P.2d 1024, 1026 (Alaska 1998)).

"coerce [him] into not seeking relief" in the trial court, to prevent him from "seeking contempt actions against each party," to "blackmail" him into "not seeking criminal charges" against them, and to "extort[]" $15,000 out of him to "prevent [him] from filing criminal charges" against them. But in the absence of any alleged facts consistent with these assertions, Luke's broad allegations of wrongdoing do not support an inference that Keila and Houston filed the motion for any purpose beyond seeking supervised visitation and attorney's fees in a contentious divorce and custody dispute. This is not an ulterior motive.

Even assuming Luke were able to demonstrate that Keila and Houston filed the motion for an ulterior purpose, he would still need to identify a willful act by Keila and Houston that is distinct from the filing of a motion in the ordinary course of litigation.[13] Luke fails to assert such a "willful act" in his complaint, and motions for supervised visitation are regular occurrences in divorce and custody disputes,[14] as are motions for interim awards of attorney's fees.[15]

Although the standard of review for a motion to dismiss requires us to make inferences in favor of the non-moving party, these inferences must be reasonable.[16] Luke

---

[13] *See Weber v. State*, 166 P.3d 899, 903 (Alaska 2007) (quoting *Meidinger v. Koniag, Inc.*, 31 P.3d 77, 86 (Alaska 2001)) ("[A]ctions taken in the regular course of litigation . . . cannot be a proper basis for an abuse of process claim.").

[14] *See McAlpine v. Pacarro*, 262 P.3d 622, 626 (Alaska 2011); *see also Hermosillo v. Hermosillo*, 797 P.2d 1206, 1208 (Alaska 1990).

[15] *See, e.g.*, *Dragseth v. Dragseth*, 210 P.3d 1206, 1212-13 (Alaska 2009) (remanding the issue of attorney's fees); *Fernau v. Rowdon*, 42 P.3d 1047, 1059-60 (Alaska 2002) (affirming an award of attorney's fees in a divorce case).

[16] *See Estate of Mickelsen ex rel. Mickelsen v. North-Wend Foods, Inc.*, 274 P.3d 1193, 1197 (Alaska 2012) (citing *J & S Servs., Inc. v. Tomter*, 139 P.3d 544, 547 (continued...)

asks us to infer from the fact of their filing a motion for supervised visitation and attorney's fees that Keila and Houston were engaged in a scheme to coerce or "blackmail" him and were attempting to defraud him of $15,000. But this inference is unreasonable under the circumstances of this case.

Thus, "[w]hile the Rule 12(b)(6) threshold may be low, it is real — and it is the plaintiff's burden to take the step which brings his case safely into the next phase of litigation."[17] Because the burden was not satisfied in this case, we affirm the trial court's dismissal of Luke's two abuse of process claims.

## B.     Luke's Request For A Hearing And Oral Argument On Houston's Motion For Attorney's Fees

Luke filed a motion for a hearing and oral argument on Houston's request for attorney's fees, and the trial court denied Luke's request. Luke now claims that the trial court "erred and abused [its] discretion" in denying his motion.

We have previously held that a trial judge may award attorney's fees under Rule 82 without a hearing.[18] Alaska Civil Rule 77(e)(2) also dictates when oral argument is required and when it is at the trial court's discretion.[19] Luke requested a hearing and

---

[16](...continued)
(Alaska 2006)).

[17]     *Valdez Fisheries Dev. Ass'n, Inc. v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 672 (Alaska 2002) (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)) (internal quotation marks omitted).

[18]     *Nat'l Bank of Alaska v. J. B. L. & K. of Alaska, Inc.*, 546 P.2d 579, 591 (Alaska 1976) (citing *Urban Dev. Co. v. Dekreon*, 526 P.2d 325, 329 (Alaska 1974)).

[19]     Alaska R. Civ. P. 77(e)(2) provides in part:

Except on motions to dismiss; motions for summary judgment; motions for judgment on the pleadings; other

(continued...)

oral argument on the sole issue of Houston's request for attorney's fees. Unlike the dispositive motions that require oral argument under Rule 77(e)(2), Luke's motion would not dispose of his case or a claim in his case. Thus, it was within the trial court's discretion to deny Luke's request.

Although Luke's arguments for why the trial court abused its discretion are not entirely clear, he appears to contend that there was additional information — beyond what was already in the record, and what he submitted in his memorandum of law in support of his request for hearing and oral argument — that he wished to present to the trial court. Specifically, Luke claims he needed oral argument to ensure the trial court "underst[ood] why [he] filed the claims in this case, and the fraudulent basis under which Mr. Houston and [Keila] filed the supervised visitation and advanced award of attorney[']s fees requests." Luke also claims that he wanted a "full opportunity" to rebut the "false claims" in Houston's motion, such as "allegations that [Houston] has not engaged in criminal activity and ethics violations." But Luke offers no argument for why his written briefing was insufficient to present all of his arguments to the trial court or to rebut the claims in Houston's motion.[20]

---

[19](...continued)
> dispositive motions; motions for delivery and motions for attachment, oral argument shall be held only in the discretion of the judge.

[20]    The written briefing Luke submitted on the issue of Houston's attorney's fees was lengthy. He submitted a 20-page opposition to Houston's motion for fees. This motion included 18 pages of exhibits. He also presented a nine-page memorandum of law in support of his request for a hearing and oral argument opposing Houston's request for fees. This memorandum included six pages of exhibits. Finally, he submitted a three-page reply to Houston's opposition to his motion for oral argument on attorney's fees.

Luke also argues that a hearing was necessary so that he could access Houston's billing records to ensure that Houston was not claiming attorney's fees for time spent on Luke's defamation case against Keila. Houston's billing records in this matter had been filed with Houston's affidavit and were available to Luke as part of the public record. A hearing would not provide Luke with any additional access or information beyond what was already available to him.

Because Luke's motion was not dispositive, the decision to deny his request for a hearing and oral argument was within the trial court's discretion. In light of the substantial record in this case[21] and Judge Eric A. Aarseth's familiarity with the parties and their claims, the trial judge did not abuse his discretion in denying Luke's request for a hearing and oral argument on Houston's motion for fees.

Luke also claims in a subsequent section of his brief that the trial court's failure to grant his request for a hearing and oral argument was a "massive violation of [his] due process rights." We have identified the core of due process as providing an "opportunity to be heard and the right to adequately represent one's interests."[22] Due process is satisfied where an individual is given "an opportunity to be heard in court at a meaningful time and in a meaningful manner."[23] Luke seems to be arguing that the trial court's order deprived him of a meaningful opportunity to be heard.

---

[21]    These motions came after more than three years of litigation between the parties and well over 100 submissions to the court.

[22]    *Matanuska Maid, Inc. v. State*, 620 P.2d 182, 192 (Alaska 1980).

[23]    *Keyes v. Humana Hosp. Alaska, Inc.*, 750 P.2d 343, 353 (Alaska 1988) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

In *Cleary Diving Service, Inc. v. Thomas, Head & Greisen*,[24] we held that oral argument is not required by due process. The record in this case indicates that Luke had ample opportunity to brief the issue of attorney's fees and to present his arguments to the trial court.

### C.     The Award Of $4,158 In Attorney's Fees To Houston

Luke claims that the trial court abused its discretion and erred in granting Houston $4,158 in attorney's fees under Alaska Civil Rule 82. He argues that the fee award should be denied in its entirety because Keila and Houston engaged in bad faith and vexatious conduct in the underlying custody litigation, and this prompted him to file his civil suit. Luke also contends that an award of enhanced attorney's fees under Rule 82 would be "manifestly unjust" because he has not acted in bad faith.

The trial court retains broad discretion to award attorney's fees and to alter the amount it awards.[25] Moreover, the trial court is "in the best position to determine whether a party's behavior was excessively litigious or in bad faith."[26] Judge Aarseth was assigned to this case in January 2010.[27] He had presided over this litigation for nearly a year by the time he ruled on Houston's motion for attorney's fees. His order expressly stated the trial court's reasons for granting enhanced fees and for its determination of bad faith. Notably, Judge Aarseth stated that Luke failed to raise any

---

[24]     688 P.2d 940, 942 (Alaska 1984) (per curiam); *see also Hayes v. Alaska USA Fed. Credit Union*, 767 P.2d 1158, 1163 (Alaska 1989) (holding that plaintiff was not deprived of due process by trial court's refusal to hold evidentiary hearing).

[25]     *Cizek v. Concerned Citizens of Eagle River Valley, Inc.*, 71 P.3d 845, 851 (Alaska 2003) (citing *Taylor Constr. Servs., Inc. v. URS Co.*, 758 P.2d 99, 102-03 (Alaska 1998)).

[26]     *Reid v. Williams*, 964 P.2d 453, 461-62 (Alaska 1998).

[27]     *See* Administrative Order 3AN-AO-09-15, effective Jan. 4, 2010.

"colorable claim" against Houston and that it appeared to the trial court that Luke brought the action against Houston to "punish him" for representing Keila in the underlying divorce and custody actions. We cannot conclude that it was an abuse of discretion for Judge Aarseth to grant Houston enhanced attorney's fees under Rule 82(b)(3) given these findings.

Luke next argues that an award of enhanced fees would prevent similarly situated litigants from seeking tort relief because of the fear that they will have to pay "massive awards of attorney[']s fees" if they lose. We have previously expressed concern that "financially ruinous" fee awards against good-faith civil litigants could deter access to the courts.[28] The ultimate test is whether "the [cost] is so great that it imposes an intolerable burden on a losing litigant which, in effect, denies the litigant's right of access to the courts."[29] Luke presents no argument that the fees awarded in this case presented an intolerable burden on his ability to access the courts, but an argument could be made that the $4,158 awarded would deter lawsuits by other good-faith civil litigants who could not afford to pay a fee of this size. Fortunately, we do not need to decide whether an award of $4,158 would be prohibitive because we provide a safeguard in Rule 82 for this exact situation. Rule 82(b)(3)(I) allows a trial court to modify any fee award that it concludes would deter similarly situated litigants from the use of the courts.[30] Because the fee award in this case was not "arbitrary, capricious, manifestly

---

[28] *See, e.g.*, *Malvo v. J.C. Penney Co.*, 512 P.2d 575, 586-88 (Alaska 1973); *see also Bozarth v. Atl. Richfield Oil Co.*, 833 P.2d 2, 5-7 (Alaska 1992) (Matthews, J., dissenting).

[29] *Peter v. Progressive Corp.*, 986 P.2d 865, 873 (Alaska 1999) (quoting *Bozarth*, 833 P.2d at 6 (Matthews, J., dissenting)) (alteration in original).

[30] *See* Alaska R. Civ. P. 82(b)(3)(I).

unreasonable or the result of an impermissible motive,"[31] it was not an abuse of discretion for the trial court to decline to reduce the size of the award under Rule 82(b)(3)(I).

Finally, Luke makes a series of arguments that appear to be variations on the same theme. He contends that attorney's fee requests are routinely denied when a party "wins" a domestic violence case, as he claims he did, and that they should therefore be denied in this case. He also argues that fees should not be awarded in this case because attorney's fees are not always awarded under Rule 82 when a party "loses a case or a motion." But an award of attorney's fees under Rule 82 is within the discretion of the trial court. Here, the trial court determined that Luke engaged in vexatious or bad-faith conduct in filing the abuse of process claims.[32] Luke has not shown that the trial court erred in that finding or abused its discretion in awarding enhanced fees under Civil Rule 82(b)(3)(G).

## D. The Trial Court's Obligations Under Judicial Canon 3(D)(2)

Finally, Luke claims that the Alaska Code of Judicial Conduct, Canon 3(D)(2), required Judge Aarseth to report Houston's alleged misconduct to the appropriate disciplinary authority. On the record before us, we see no ethical violation by Judge Aarseth.[33]

---

[31] *Valdez Fisheries Dev. Ass'n, Inc. v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 672 (Alaska 2002) (citing *Power Constructors, Inc. v. Taylor & Hintze*, 960 P.2d 20, 44 (Alaska 1998)).

[32] Alaska R. Civ. P. 82(b)(3)(G).

[33] The legislature has established a framework for enforcing violations of the Alaska Rules of Professional Conduct and the Judicial Canons, and Luke is free to seek a remedy by filing complaints with the Alaska Judicial Conduct Commission or the Alaska Bar Association, respectively. *See* Alaska R. Prof. Conduct, *Scope* ("Violation
(continued...)

## V.   CONCLUSION

We AFFIRM the decisions of the superior court.

---

[33](...continued)
of a Rule should not itself give rise to a cause of action[,]" and the rules are not "designed to be a basis for civil liability.").